CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
NICHOLAS LAUBER (SBN 288499)
nick@frostllp.com
KRISTOPHER ROSSFELD (SBN 234288)
krossfeld@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

DAVID MARROSO (SBN 211655)
dmarroso@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

RANDALL W. EDWARDS (SBN 179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant
SIDEPRIZE, LLC d/b/a PRIZEPICKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER LEE, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIDEPRIZE, LLC d/b/a PRIZEPICKS, and DOES 1-20,<br><br>Defendants. | Case No. 3:25-cv-8532<br><br>**NOTICE OF REMOVAL OF DEFENDANT SIDEPRIZE, LLC d/b/a PRIZEPICKS PURSUANT TO 28 U.S.C. §§ 1332(d), 1441(b) & 1446(b)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant SidePrize, LLC d/b/a PrizePicks ("PrizePicks" or "Defendant"), through its undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act, or "CAFA"), 1441(b), and 1446(b). The grounds for removal are as follows:

## BACKGROUND

### The Federal District Court Action

1. On or about June 11, 2025, Justin Franks and Jack Bacigalupi filed a putative class action against PrizePicks in the United States District Court for the Northern District of California, Case No. 3:25-cv-04916-CRB (the "Franks Action" or "Franks Complaint").

2. The Franks Action seeks equitable relief and asserts claims against PrizePicks for: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (2) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*.

3. The Franks Action invokes CAFA as the basis for subject matter jurisdiction, alleging minimal diversity, a putative class of 100 or more members, and an amount in controversy exceeding the sum or value of $5 million, exclusive of interest and costs.[1]

### The State Superior Court Action

4. On or about September 25, 2025, Plaintiff Peter Lee ("Lee" or "Plaintiff"), individually and on behalf of all others similarly situated, filed a complaint against PrizePicks in the Superior Court for the State of California, County of San Francisco, Case No. CGC-25-629586 (the "Lee Action" or "Lee Complaint").

[1] Concurrent with this Notice of Removal, PrizePicks is filing a Request for Judicial Notice requesting the Court to take notice of the Complaint filed in *Franks v. SidePrize LLC d/b/a PrizePicks*, No. 3:25-cv-04916-CRB (N.D. Cal.), ECF No. 1 (June 11, 2025).



FROST

5. The Lee Complaint asserts the exact same two causes of action as the Franks Complaint: alleged violations of California's UCL and CLRA. In fact, with the exception of minor differences tailored to state court pleading requirements, the two complaints are virtually identical in parties (and their counsel), theories, allegations, and the requested equitable relief. Indeed, the Lee Complaint expressly acknowledges the Franks Action and explains that Lee filed this action in state court because in *Franks*, PrizePicks argued that plaintiffs' equitable claims are barred because there exists an adequate remedy at law, and thus, "Plaintiff [Lee] filed the instant action in [state court] where the same principle does not apply." (Compl. at 2 n.1.)

**JURISDICTION EXISTS UNDER CAFA**

6. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

7. This Court has jurisdiction over this case under CAFA, and the case may be removed because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official, or other governmental entity; (3) the total amount in controversy for all class members exceeds $5 million; and (4) there is diversity of citizenship between at least one class member and one defendant. *See* 28 U.S.C. §§ 1332(d), 1441(a). Although there are a number of exceptions to CAFA's rules of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)–(5), none apply here.

8. Under CAFA, the removing party need not submit any evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014) (a notice of removal "need not contain evidentiary submissions," rather, the notice of removal "need include only a plausible allegation."). Evidence is required "*only* when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (italics added).

9. The Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in


FROST

federal court." 574 U.S. at 89. The Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 ***broadly in favor of removal***." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."); *accord Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929 (9th Cir. 2015) (under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'").

10. Jurisdiction under CAFA exists over this action and is based on the allegations of the Complaint and the Declaration of Jason Barclay.[2] As set forth in full below, this case satisfies all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**Minimal Diversity Exists Under CAFA**

11. To satisfy CAFA's diversity requirement, the removing party need only show that minimal diversity exists—*i.e.*, that any putative class member is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2).

12. Here, the Complaint affirmatively discloses that Plaintiff Lee was "at all relevant times … a resident of San Fransisco [sic], California." (Compl. ¶ 3.) Furthermore, the putative class is defined to include "[a]ll residents of California …." (*Id.* ¶ 153.) Thus, the putative class includes at least one California citizen.

13. Under 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate [its] activities … [a]nd in practice it should normally be the place where the [entity] maintains its headquarters.").

[2] In making its good-faith calculations of the size of the purported class and the amount-in-controversy being sought by Lee, PrizePicks does not concede or admit, in any fashion, that any claims for such amount, or any amounts, have legal or factual merit, or that the persons on behalf of which such claims are asserted could properly be asserted as members of a class under Federal Rule of Civil Procedure 23, and reserves all rights and defenses to such claims.

14. Defendant PrizePicks is a limited liability company organized under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia. (Barclay Decl. ¶ 3.) Thus, for purposes of diversity under CAFA, PrizePicks is deemed a citizen of the State of Georgia.

15. In accordance with the foregoing, PrizePicks is now at the time of removal, and was at the time of institution of this civil action, a citizen of the State of Georgia (and not a citizen of California), and Lee and his putative class members are now at the time of removal, and were at the institution of this civil action, citizens of the State of California (and not citizens of Georgia). Thus, minimal diversity under CAFA is satisfied. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(10), 1453(a).

**Amount in Controversy**

16. Without making an admission of liability or damages with respect to any aspect of this case, or the proper legal test(s) applicable to Lee's allegations on behalf of himself and the putative class, the alleged amount in controversy exceeds the $5 million jurisdictional minimum of this Court, as detailed below.

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Moreover, a defendant ***need not set forth evidence*** establishing the amount in its notice of removal. *Id.* The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comms., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). To determine the amount in controversy, the Court must assume that the allegations in the operative pleadings are true and that a jury will return a verdict for the plaintiff on all such claims. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (emphasis and internal quotation marks omitted).

18. Plaintiff Lee does not specifically plead the amount of damages claimed, only that they exceed the $35,000 unlimited civil jurisdictional minimum. (Compl. ¶ 10.) Although PrizePicks denies the validity of Plaintiff's claims and requests for relief thereon, the facial allegations in Plaintiff's Complaint demonstrate that the amount in controversy exceeds $5 million.

19. The requisite amount in controversy is established by an examination of the claims asserted by Plaintiff. Among other things, Lee seeks to obtain equitable injunctive relief and monetary relief, including restitution or disgorgement. (Compl. at 52–54); *see Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking [] injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

20. Lee contends that he and the other putative class members, which he alleges may consist of "hundreds of thousands or potentially millions of members," were injured through PrizePicks's alleged violations of California's UCL and CLRA. (Compl. ¶ 157.) The Complaint further alleges that PrizePicks's purported "unfair business acts and practices … [has] caus[ed] Plaintiff and the Class to be tricked out of tens of millions of dollars." (*Id.* ¶ 171.) Based on these allegations, it is clear the amount in controversy exceeds the $5 million jurisdictional threshold.

21. In any event, Plaintiff cannot plausibly contest the $5 million threshold here. In the Franks Action—brought by the ***same counsel*** against the ***same defendant*** for the ***same claims***—plaintiffs affirmatively invoked CAFA and alleged that the amount in controversy exceeds $5 million. It follows that those allegations corroborate PrizePicks's "short and plain statement" of the amount in controversy here. *See Dart Cherokee*, 574 U.S. at 82 (defendant's amount in controversy allegation "should be accepted ***when not contested*** by the plaintiff or questioned by the court") (emphasis added).

22. The Lee Complaint confirms that the only reason this second, identical class action was filed in state court was because of a perceived equitable-relief advantage, not any jurisdictional limitation under CAFA.[3] Any effort by Plaintiff to deny that CAFA's amount in controversy is met would contradict a prior litigation position and should be given no weight. *See, e.g.*, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001) (judicial estoppel factors); *Reyn's*

[3] The Lee Complaint concedes that the sole reason for filing the instant action was to avoid the "adequate remedy at law" bar in state court, "where the same principle does not apply." (Compl. at 2 n.1.) While PrizePicks disputes that premise, it is irrelevant for purposes of this jurisdictional notice, and is noted only to show that Lee's state-forum choice does not reflect any CAFA deficiency, and thus provides no basis to contest removal.



FROST

*Pasta Bella, LLC v. Visa U.S.A., Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may notice prior court filings for their existence and contents). Accordingly, this Court should accept PrizePicks's jurisdictional allegations and find CAFA satisfied.

**Class Size**

23. This suit meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1435(a)–(b). Here, Plaintiff brings his suit pursuant to California Code of Civil Procedure section 382, on behalf of: "All residents of California who placed a bet or wager on [PrizePicks websites] while in California." (Compl. ¶ 153.)

24. Fur purposes of removal, court looks to a plaintiff's allegations respecting class size. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). Lee asserts that there exist "hundreds of thousands or potentially millions of members of the Class." (Compl. ¶ 157); *see Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[The defendant] may rely on the estimate of the class number set forth in the complaint."). Lee's allegations therefore independently establish that the putative class likely exceeds 100 members. Thus, CAFA's class size requirement is satisfied.

**<u>TIMELINESS OF REMOVAL</u>**

25. To be timely, a notice of removal must be filed within 30 days after service of the complaint. *See* 28 U.S.C. § 1446(b)(1). PrizePicks received the Summons and Complaint on October 2, 2025. Thus, removal of this action is timely.

**<u>VENUE</u>**

26. Under 28 U.S.C. §§ 84(a) and 1441(a), venue is proper in the United States District Court for the Northern District of California because this District embraces San Francisco County, where the state-court action was filed and is pending.

**<u>NOTICE TO PLAINTIFFS</u>**

27. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, and pursuant to 28 U.S.C. § 1446(d), this

Notice will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

28. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on PrizePicks or filed by PrizePicks are attached hereto as the following exhibits, including the Summons and Complaint (**Exhibit A**).

**WHEREFORE**, PrizePicks hereby removes the above-entitled action pending before the Superior Court for the County of San Francisco to the United States District Court for the Northern District of California.

DATED: October 6, 2025

FROST LLP

By: ______________________

CHRISTOPHER FROST
NICHOLAS LAUBER
KRISTOPHER ROSSFELD
Attorneys for Defendant
SIDEPRIZE, LLC d/b/a PRIZEPICKS